United States District Court
Southern District of Texas
**ENTERED**
March 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

DAMIEN GABRIEL GARZA, §
§
Petitioner, §
V. § CIVIL ACTION NO. 6:25-CV-00021
§
ERIC GUERRERO, §
§
Respondent. §
§

## ORDER REJECTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 21). The M&R recommends the Court grant Respondent's motion for summary judgment, (D.E. 11), dismiss Petitioner's petition for habeas corpus, (D.E. 7), and deny Petitioner a certificate of appealability. (D.E. 21, p. 12–13). Petitioner timely filed written objections. (D.E. 22).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). As to any portion for which no timely objection has been filed, the district court need only determine whether the magistrate judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d

1/7

1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

The M&R aptly explained the applicable substantive law, (D.E. 21, p. 7–9), and the Parties did not object. In short, a § 2254 petitioner must exhaust his state-court remedies by presenting each claim for relief articulated in his § 2254 petition to the state's highest appellate authority—here, the Texas Court of Criminal Appeals ("TCCA"). (D.E. 21, p. 7–9); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004); *Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985). If even one claim within the § 2254 petition is not exhausted, the Court may dismiss the § 2254 petition. (D.E. 21, p. 8); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

"[E]xhaustion of state habeas remedies is not a jurisdictional prerequisite and, as a result, may be waived by the State." *Earhart v. Johnson*, 132 F.3d 1062, 1065 (5th Cir. 1998) (citations omitted). "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). "The touchstone for determining whether a waiver is express is the clarity of intent to waive." *Carty v. Thaler*, 583 F.3d 244, 256 (5th Cir. 2009) (citation and internal quotation marks omitted).

## II. Analysis

Respondent moved for summary judgment, arguing that Petitioner did not exhaust at least one claim in his § 2254 petition. (D.E. 11, p. 4). As to Petitioner's three other claims, "the Director believes [Petitioner] has sufficiently exhausted his state remedies[.]" *Id.* The M&R found that Petitioner failed to exhaust two claims. (D.E. 21, p. 9). Petitioner objected to the M&R's finding, arguing that he presented all claims to the TCCA. (D.E. 22, p. 1–2). After reviewing the M&R de novo, the record, and the applicable law, the Court **SUSTAINS** Petitioner's objection. (D.E. 22).

Petitioner's specific claims that are in dispute are as follows: (1) the State of Texas improperly elicited testimony from the grand jury foreman, and (2) the state trial court erred by not allowing Petitioner's expert witness to testify as to the minor's cause of death. (D.E. 7, p. 6–7). Both claims, the prosecutorial misconduct and expert witness claims, have been exhausted.

**A. Petitioner's Prosecutorial Misconduct Claim Has Been Exhausted**

Regarding the prosecutorial misconduct claim, Petitioner's brief to the 13th Court of Appeals contained the following passage:

> TEX. CODE CRIM. PROC. art. 20A.202 and TEX. CODE. CRIM. PROC. art. 20A.203 specifically prohibit the State of Texas from eliciting such testimony from the grand jury foreman. Such testimony was elicited by the State of Texas to bolster and to give the imprimatur of credibility to the State of Texas' case in chief, which is totally improper. Such conduct is a violation of the Equal Protection and Due Process Rights of the Appellant guaranteed by U.S. CONST. amend. XIV, TEX. CONST. art I, §§ 3 and 19 and TEX. R. EVID. 103(e).

Brief of Appellant, *Garza v. State*, 2024 WL 4986401 (No. 13-22-00599-CR), 2023 WL 3451886, at \*10–11. To be sure, this paragraph falls under a header describing the trial court's error in allowing this testimony, rather than describing prosecutorial misconduct by eliciting it, *see id.*, but the language Petitioner used unmistakably advances a prosecutorial misconduct claim. And although the Court of Appeals' opinion did not address a prosecutorial misconduct claim, *see Garza v. State*, No. 13-22-00599-CR, 2024 WL 4986401, at \*9 (Tex. App.—Corpus Christi–Edinburg Dec. 5, 2024, pet. ref'd) (mem. op., not designated for publication), that does not mean that Petitioner did not present such a claim. What matters is that Petitioner fairly presented his claim for resolution to the Court of Appeals, not whether the Court of Appeals ultimately resolved it. *See Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) ("The exhaustion requirement is satisfied when the substance of the federal claim is 'fairly presented' to the highest state court on direct appeal or in state post-conviction proceedings, 'even if the state court fails to address the federal

claim[.]'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 467 (5th Cir. 2004)).

Petitioner then also presented the prosecutorial misconduct claim to the TCCA, as evidenced by his Petition for Discretionary Review ("PDR"). (D.E. 10-40). Indeed, Petitioner essentially reproduced the paragraph from his brief before the Court of Appeals and pasted it in his PDR (again, under a potentially misleading heading). *Id.* at 9–10. So, Petitioner has presented his prosecutorial misconduct claim to the TCCA, and therefore exhausted his state court remedies as to this claim.

### B. Petitioner's Prosecutorial Misconduct Claim Has Been Exhausted

Regarding the expert witness claim, Petitioner has exhausted his state court remedies as to this claim as well, for two independent reasons.

First, Respondent waived the exhaustion defense as to Petitioner's expert witness claim. The Fifth Circuit has never required magic words to waive exhaustion, but it has looked at the State's language in its briefing to decide whether the state has waived exhaustion:

> In *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999), we considered whether such a waiver had occurred. There, the state admitted, in its original answer to the federal habeas petition, that "'Bledsue has sufficiently exhausted his state remedies.'" *Id.* We held that "the state has waived any independent exhaustion argument, as well as the exhaustion argument included within the doctrine of procedural default." *Id.* In *McGee v. Estelle*, 722 F.2d 1206, 1213 (5th Cir. 1984) (en banc), we reached the opposite conclusion. In that case, we held that the state did not make an express waiver because "its pleading asserted only that it 'believed' that [the applicant] had exhausted state remedies." *Id.* Although we held that this was not an express waiver, we concluded that it was "at least the equivalent of failure to assert the defense of non-exhaustion." *Id.*

*Carty*, 583 F.3d at 256. The Fifth Circuit then analyzed intent to waive where the state argued "[a]ll but one of [the petitioner's] claims appear to be exhausted" and "the Director believes that [petitioner's] claim of trial court error under *Crawford v. Washington* is unexhausted." *Id.* at 257 (citation modified). There, the Fifth Circuit determined the state waived exhaustion because

"[t]hese express statements show that the state treated only one claim . . . as unexhausted. The rest . . . it expressly treated as exhausted." *Id.* Therefore, the Fifth Circuit held, "[t]he state clearly considered exhaustion as a defense and chose not to exercise that defense for the close issue of whether [petitioner] exhausted the claims contained in her Additional Further Response." *Id.*

Here, the State moved for summary judgment solely on failure-to-exhaust grounds, and exclusively on Petitioner's alleged failure to exhaust his prosecutorial misconduct claim. (D.E. 11, p. 4) ("With respect to [Petitioner's] remaining claims, the Director believes [Petitioner] has sufficiently exhausted his state remedies as required[.]"). The State did not advance any other arguments in its motion for summary judgment. *See* (D.E. 11, p. 1–8). Thus, the State "clearly considered exhaustion as a defense and chose not to exercise that defense" for Petitioner's expert witness claim. *Carty*, 583 F.3d at 257. That is sufficient to evince a clear intent to waive exhaustion. *See id.* And although the Court is aware that it may raise the issue of exhaustion *sua sponte*, it would be an abuse of discretion to do so where, as here, the State has expressly waived exhaustion, rather than waived it inadvertently. *Id.* at 257 n.10.

Second, even if the State had not waived exhaustion, Petitioner exhausted his expert witness claim because he presented it to both the 13th Court of Appeals and the TCCA. Any doubt as to Petitioner's exhaustion of his expert witness claim stems from Petitioner framing the same argument slightly differently before the 13th Court of Appeals, the TCCA, and this Court.

In his brief before the 13th Court of Appeals, Petitioner argued the trial court erred by not allowing Petitioner's expert witness to testify regarding the existence of probable cause. Brief of Appellant, 2023 WL 3451886, at *17–18. Then, in his PDR, Petitioner argued the trial court erred by not allowing Petitioner's expert witness (the same expert witness) to testify regarding the minor's cause of death. (D.E. 10-40, p. 16–18). Now, as before this Court, Petitioner argues the

state trial court erred by not allowing Petitioner's expert witness to testify as to the minor's cause of death. (D.E. 7, p. 6–7). The issue is whether Petitioner's argument before the 13th Court of Appeals and the TCCA were the same argument. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990) (holding that presenting a claim for the first time in a PDR to the TCCA does not satisfy exhaustion) (citations omitted). For purposes of exhaustion, the Court concludes that they were.

The language in Petitioner's brief before the 13th Court of Appeals largely mirrored the language Petitioner used in his PDR. *Compare* Brief of Appellant, 2023 WL 3451886, at *10–11, *and* (D.E. 10-40, p. 16–18). For example, both claimed the expert witness's testimony regarding probable cause/cause of death was "the reason that Mr. Riley was retained concerning [Appellant/Petitioner's] defense." Brief of Appellant, 2023 WL 3451886, at *17; (D.E. 10-40, p. 16–18).[1] Both then offered the same reasons why Petitioner's expert should have been admitted, highlighted the provisions of the federal and State Constitutions that were violated, and included a statement regarding prejudice because of Petitioner's inability to submit a specific jury instruction. *Compare* Brief of Appellant, 2023 WL 3451886, at *17–18, *and* (D.E. 10-40, p. 16–18).

The only substantive difference between Petitioner's brief to the 13th Court of Appeals and his PDR was the header. Whereas the brief claimed the expert was to testify as to probable cause, the PDR claimed the expert was to testify as to the minor's cause of death. Put simply, the discrepancy in headers did not make this a separate argument. Rather, it reflected a strategic choice by Petitioner to slightly alter the wording to increase the odds that the TCCA would grant his PDR. Indeed, as his appellate brief and PDR make clear, the trial court's alleged error does not hinge on the subject of the expert's testimony, but on the expert's overall qualifications. Brief of Appellant,

---

[1] The PDR adds "and Court appointed" to this sentence. (D.E. 10-40, p. 16) (emphasis omitted).

2023 WL 3451886, at *17–18; (D.E. 10-40, p. 16–18). Therefore, because the arguments before the 13th Court of Appeals and TCCA were the same, Petitioner has exhausted his expert witness claim.

## III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **SUSTAINS** Petitioner's objection, (D.E. 22), and **REJECTS** the findings and conclusions of the M&R, (D.E. 21). Accordingly, the Court **DENIES** Respondent's motion for summary judgment. (D.E. 11).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
        March 23, 2026